UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

BRANDON HUU LE,

        Defendant.
_____/     **INDICTMENT**

The Grand Jury charges:

### COUNT 1
**(Coercion and Enticement)**

On or about August 10 and 11, 2019, in Clinton County, in the Southern Division of the Western District of Michigan, and elsewhere, the defendant,

BRANDON HUU LE,

used a facility and means of interstate and foreign commerce to knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years ("Jane Doe," an individual known to the Grand Jury) to engage in sexual activity for which any person can be charged with a criminal offense, namely, the production of child pornography which was a criminal offense under 18 U.S.C. § 2251(a).

18 U.S.C. § 2422(b)
18 U.S.C. § 2427
18 U.S.C. § 2256(8)
18 U.S.C. § 2251(a)

1

2

## COUNT 2
### (Sexual Exploitation of a Child)

On or about August 10 and 11, 2019, in Clinton County, in the Southern Division of the Western District of Michigan, and elsewhere, the defendant,

BRANDON HUU LE,

employed, used, persuaded, enticed, and coerced a minor ("Jane Doe," an individual known to the Grand Jury) to engage in sexually explicit conduct for the purpose of producing any visual depiction of that conduct, knowing and having reason to know that such visual depiction would be transported using any means and facility of interstate commerce.

18 U.S.C. § 2251(a)
18 U.S.C. § 2256(5)

## COUNT 3
**(Receipt of Child Pornography)**

On or about August 10 and 11, 2019, in Clinton County, in the Southern Division of the Western District of Michigan, and elsewhere, the defendant,

**BRANDON HUU LE,**

knowingly received child pornography that had been shipped or transmitted using any means or facility of interstate or foreign commerce. Specifically, the defendant received through the internet one or more images of "Jane Doe" engaged in the lascivious exhibition of her genitals. Such images originated in the Western District of Michigan and were received by the defendant in Florida.

18 U.S.C. § 2252A(a)(2)
18 U.S.C. § 2252A(b)(1)
18 U.S.C. § 2256(8)(A)

**FORFEITURE ALLEGATION**
(Coercion and Enticement)

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 2428.  Pursuant to 18 U.S.C. § 2428, upon conviction of the offense in Count 1, in violation of 18 U.S.C. § 2422(b),

BRANDON HUU LE

shall forfeit to the United States of America any property, real or personal, used or intended to be used to commit or to facilitate the offense; and any property, real or personal, that constitutes or is derived from proceeds traceable to the offense.

The property to be forfeited includes, but is not limited to, an Apple iPhone XR with serial number F2LYJV7HKXKQ.

If the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

**FORFEITURE ALLEGATION**
**(Sexual Exploitation of Children; Receipt of Child Pornography)**

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 2253. Pursuant to 18 U.S.C. § 2253, upon conviction of the offenses in Counts 2 and 3, in violation of 18 U.S.C. §§ 2251 and 2252A,

BRANDON HUU LE

shall forfeit to the United States of America any visual depiction described in 18 U.S.C. §§ 2251 or 2252A; any matter which contains any such visual depiction that was produced, transported, mailed, shipped, and received in violation of Title 18, United States Code, Chapter 110; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses; and any property, real or personal, used or intended to be used to commit or promote the commission of the offenses or any property traceable to such property. The property to be forfeited includes, but is not limited to, an Apple iPhone XR with serial number F2LYJV7HKXKQ.

If the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and by 28 U.S.C. § 2461(c).

A TRUE BILL

_____
GRAND JURY FOREPERSON

MARK A. TOTTEN
United States Attorney

_____
ADAM B. TOWNSHEND
Assistant United States Attorney