UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BRANDON HUU LE,

        Defendant.

_____/

No. 1:22-CR-160

HON. ROBERT J. JONKER
U.S. District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between Brandon Huu Le and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. **Defendant Agrees to Plead Guilty.** Defendant agrees to plead guilty to Count 3 of the Indictment. Count 3 charges Defendant with receipt of child pornography in violation of Title 18, United States Code, Section 2252A(a)(2).

2. **Defendant Understands the Crime.** In order for Defendant to be guilty of violating Title 18, United States Code, Section 2252A(a)(2), the following must be true: (1) Defendant knowingly received child pornography; (2) Defendant knew that the material was child pornography; and (3) such child pornography had been shipped or transported using any means or facility of interstate commerce. Defendant is pleading guilty because Defendant is guilty of the charge described above.

3. **Defendant Understands the Penalty.** The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2252A(a)(2) following:

    a. **Imprisonment.** A mandatory minimum of 5 years and a maximum of 20 years.

  b. <u>Supervised Release</u>.  A mandatory minimum of 5 years and up to life.

  c. <u>Fine</u>.  $250,000.

  d. <u>Mandatory Special Assessment</u>.  $100.00.

  e. <u>Additional Mandatory Special Assessment</u>.  $5,000.00.

  f. <u>Additional Discretionary Special Assessment</u>.  $35,000.00.

Defendant agrees to pay the special assessments at or before the time of sentencing unless Defendant affirmatively demonstrates to the Court that Defendant lacks the ability to pay.

 4. <u>Mandatory Restitution (MVRA)</u>.  Defendant understands that he will be required to pay full restitution as required by law.  Defendant agrees that the restitution order is not restricted to the amounts alleged in the count to which Defendant is pleading guilty.  Defendant acknowledges that any payment plan set by the Court does not prohibit the United States from collecting restitution beyond the installments set forth in the payment plan, until restitution is collected in full.  Defendant agrees to fully and truthfully complete a Financial Disclosure Statement and to submit the statement to the Financial Litigation Unit of the U.S. Attorney's Office within thirty days of executing this agreement.

 5. <u>Supervised Release Defined</u>.  Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in the Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

 6. <u>Sex Offender Registration</u>.  Defendant acknowledges and agrees that Defendant must register as a sex offender in all applicable jurisdictions, including, but not limited to the

jurisdictions where Defendant was convicted, resides, works, and attends school. Defendant understands that failure to register may subject him to prosecution.

7. <u>Asset Forfeiture and Financial Accountability</u>. Defendant agrees to fully cooperate with the federal government in the seizure and forfeiture of assets under Title 18, United States Code, Section 2253, which includes, among other things, all visual depictions of child pornography as defined under that section and chapter, any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses, and any property, real or personal, used or intended to be used to commit or to promote the commissions of such offenses or any property traceable to such property. Specifically, Defendant agrees to forfeit to the United States an Apple iPhone XR with serial number F2LYJV7HKXKQ (the "Defendant's iPhone"), which constitutes real or personal property used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property as charged in Count 3 of the Indictment. Defendant admits that the Defendant's iPhone is subject to forfeiture pursuant to Title 18, United States Code, Section 2253. Defendant consents to the entry of a preliminary order of forfeiture concerning the Defendant's iPhone at or before the time of sentencing.

8. <u>Factual Basis of Guilt</u>. Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

> On August 10 and 11, 2019, Defendant, using the screen name "addityyt," contacted an individual residing in the Western District of Michigan ("Jane Doe") via the internet using the Snapchat application. The internet is a means and facility of interstate commerce. Defendant did this on the Defendant's iPhone. Defendant saved a screenshot of, and threatened to publicly post, a lascivious portion of his Snapchat conversation with Jane Doe unless Jane Doe sent him a nude picture. Jane Doe told Defendant that she was 13 years old, and that Defendant was asking for child pornography. Defendant continued to threaten to publish the lascivious conversation with Jane Doe in a manner intended to cause Jane Doe reputational harm. Jane Doe then sent Defendant an image via the internet using the Snapchat

application; an image saved in the Snapchat application on Defendant's iPhone with the md5 hash identifier 0c0a9549ff61d83787a18ac86994a374 (the "Image"). The Image is a nude photo of Jane Doe, a minor and actual person, engaged in the lascivious exhibition of her pubic region.

9. <u>Cooperation in Criminal Investigations</u>. Defendant agrees to fully cooperate with the Federal Bureau of Investigation, the U.S. Attorney's Office, and any other law enforcement agency in their investigation of the charges contained in the Indictment, as well as the investigation of crimes over which they have actual or apparent jurisdiction. Defendant's cooperation will consist of all steps needed to uncover and prosecute such crimes, including, but not limited to, providing investigators with a full, complete and truthful statement concerning Defendant's knowledge of any and all criminal activity of which he is aware; truthfully answering investigators' questions; meeting with prosecutors before testifying; truthfully testifying before grand juries and in any court proceedings; and providing all relevant tangible evidence in Defendant's possession or under Defendant's control, including, but not limited to, objects, documents, and photographs. Defendant's obligation to cooperate under this paragraph is an affirmative one and includes the obligation to voluntarily come forward with any and all information which Defendant should reasonably know will assist in the investigation of other criminal activity. Defendant will not commit any criminal offense during the course of his cooperation with the United States. Defendant will submit to polygraph examination(s) upon request. Defendant's obligation under this paragraph is a continuing one, and shall continue after sentencing until all investigations and prosecutions in which Defendant's cooperation is deemed relevant by the U.S. Attorney's Office have been completed.

10. <u>Dismissal of Other Counts/Charges</u>. The U.S. Attorney's Office agrees to move to dismiss the remaining counts of the Indictment at the time of sentencing. Defendant agrees, however, that in determining the sentence the Court may consider the dismissed counts in

determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range.  By this agreement, Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

11. <u>Acceptance of Responsibility</u>.  The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines.  However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1.  Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

12. <u>Non-Prosecution Agreement</u>.  The U.S. Attorney's Office for the Western District of Michigan agrees not to bring additional criminal charges against Defendant in the Western District of Michigan arising out of Defendant's contact with Jane Doe, provided that the conduct is disclosed to the government by Defendant or his attorney prior to the date of this agreement.  Defendant shall remain subject to prosecution for any criminal activity he has failed to disclose to the government prior to the date of the agreement.  This promise of non-prosecution shall not include crimes of violence, if any, or criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371).

13. <u>Prison Placement</u>.  The U.S. Attorney's Office will not object to a request by Defendant that the Court recommend that Defendant be confined at any particular institution.  Both parties acknowledge that the Bureau of Prisons, in its sole discretion, decides prison placement

and that, while the Bureau often gives deference to a Court's recommendation, the Bureau is not required to follow the Court's recommendation.

14. <u>The Sentencing Guidelines</u>. Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

15. <u>The Parties Jointly Agree to the Following</u>:

a. <u>Stipulations Regarding Guideline Factors</u>. Defendant and the U.S. Attorney's Office agree and stipulate to the following applicable Sentencing Guidelines factors. As to the Base Offense Level, Defendant and the U.S. Attorney's Office recognize and agree that the applicable guideline for receipt of child pornography is U.S.S.G. § 2G2.2. However, the cross-reference at U.S.S.G. § 2G2.2(c)(1) states, in relevant part, that "[i]f the offense involved causing . . . a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct . . . apply § 2G2.1[.]" Here, the offense conduct did involve causing a

6

minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. The parties therefore agree and stipulate that USSG § 2G2.1 should be applied.

| | | | |
|---|---|---|---|
| Base Offense Level: | | 32 | [U.S.S.G. § 2G2.2(c)(1)] [U.S.S.G. § 2G2.1] |
| Specific Offense Characteristics: | | | |
| | Minor Victims | 2 | [U.S.S.G. § 2G2.1(b)(1)(B)] |
| | Knowing Misrepresentation of Identity | 2 | [U.S.S.G. § 2G2.1(b)(6)(A)] |
| Adjusted Offense Level: | | 36 | |

Defendant and the U.S. Attorney's Office each reserve the right to argue that additional specific offense characteristics, adjustments and departures are appropriate.

      b.      <u>Stipulation Regarding Repeat and Dangerous Sex Offender Enhancement</u>. Defendant and the U.S. Attorney's Office agree and stipulate that the enhancements under U.S.S.G. § 4B1.5 do not apply to a conviction under Count 3 of the Indictment.

      c.      <u>Stipulations Regarding Criminal History</u>. There is no agreement as to the Defendant's criminal history or criminal history category.

      d.      <u>Stipulations Not Binding in Court</u>. Defendant understands that neither the United States Probation Office nor the Court is bound by any stipulation in this agreement, and that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Both the Defendant and the U.S. Attorney's Office are free to supplement the facts stipulated to in this agreement by supplying relevant information to the United States Probation Office and the Court, and to correct any and all factual misstatements relating to the calculation of the sentence. Defendant understands that if the Court finds facts or reaches

conclusions different from those in any stipulation contained in this agreement, Defendant cannot, for that reason alone, withdraw his guilty plea.

16. **Waiver of Constitutional Rights.** By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

a. The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

c. The right to confront and cross-examine witnesses against Defendant.

d. The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

e. The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

f. By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

17. **Waiver of Other Rights**.

a. **Waiver**. In exchange for the promises made by the government[1] in

---

[1] The government agrees to dismiss the remaining charges in the Indictment. This includes the dismissal of Count 1, which requires a mandatory minimum sentence of 10 years and allows a maximum potential sentence of life, and the dismissal of Count 2, which requires a mandatory minimum sentence of 15 years and allows a maximum sentence of 30 years.

entering this plea agreement, Defendant waives all rights to appeal or collaterally attack Defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below.

      b.      Exceptions.  Defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

          i.      Defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

          ii.      Defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

          iii.      the guilty plea was involuntary or unknowing; and

          iv.      an attorney who represented Defendant during the course of this criminal case provided ineffective assistance of counsel.

If Defendant appeals or seeks collateral relief, he may not present any issue in the proceeding other than those described in this subparagraph.

    18.      FOIA Requests.  Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

    19.      Hyde Waiver.  Defendant acknowledges, by his voluntary admission of guilt, that the position of the U.S. Attorney's Office in this case is not vexatious, frivolous, or in bad faith, and Defendant hereby disclaims and waives any right to make any claim for attorney fees.

20. <u>The Court is not a Party to this Agreement</u>.  Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed.  Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea[s], and he will remain bound to fulfill all of his obligations under this agreement.  Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory minimum and maximum.

21. <u>This Agreement is Limited to the Parties</u>.  This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state, or local prosecuting, administrative or regulatory authority.  This agreement applies only to crimes committed by Defendant.  This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

22. <u>Consequences of Breach</u>.  If Defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement.  In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed.  In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant.  Defendant further agrees to waive and forever give up his right to raise any claim

10

that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

23. <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

MARK A. TOTTEN
United States Attorney

4/21/2023
Date

ADAM B. TOWNSHEND
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

4/20/2023
Date

BRANDON HUU LE
Defendant

I am Brandon Huu Le's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

4/21/2023
Date

HEATH M. LYNCH
Attorney for Defendant

11