UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                         No. 1:22-CR-160

    vs.                                  Hon. Robert J. Jonker
                                            United States District Judge

BRANDON HUU LE,

        Defendant.
_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR DOWNWARD VARIANCE**

For the reasons discussed below, the government respectfully requests that the Court deny Defendant's motion for a downward variance or, if the Court is inclined to consider a variance, grant only a modest variance from the properly calculated guidelines range.

**I.    LEGAL STANDARD**

The Sentencing Guidelines serve as a "meaningful benchmark" for sentencing and, for that reason, when addressing the 18 U.S.C. § 3553(a) factors, district courts should begin "with the Guidelines and remain cognizant of them throughout the sentencing process." *United States v. Lee*, 974 F.3d 670, 676–77 (6th Cir. 2020) (quoting *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904 (2018)). "[I]f a district court determines that a defendant's guidelines range fails to properly reflect the § 3553(a) factors . . ., [the court] must provide a sufficiently compelling justification for that conclusion." *Lee*, 974 F.3d at 676 (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). The greater the variance from the guidelines range, the more compelling the justification must be. *Lee*, 974 F.3d at 676–77 (quoting *Gall*, 552 U.S. at 50).

II.    **ARGUMENT**

Defendant requests a below-guidelines sentence based on his age at the time of the offense, his childhood experience with cancer, his family support, his record on state probation, and his acceptance of responsibility. *See* Def. Mot. for Variance, PageID.196–202. The government does not dispute Defendant's family support, his record on state probation, or the fact of his childhood cancer (though the government is uncertain whether that experience contributed to the offense conduct). Defendant's expressions of regret and remorse are appropriately reflected in a three-level acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1. They are not so exceptional as to warrant further reduction through a downward variance.

Defendant's age at the time of the offense, alone or in combination with the other stated bases for a variance, is also insufficient to overcome the aggravating factors under 18 U.S.C. § 3553(a). In *United States v. Zenor*, 722 F. App'x 595 (8th Cir. 2018), like this case, the defendant's child pornography offense began when he was a minor and continued through the age of majority. *Id.* at 596. The defendant had no criminal history and behaved well on pretrial release, including by participating in evaluations and treatment. *Id.* The district court denied the parties' joint request for a substantial downward variance of approximately 100 months, and instead granted a modest variance of fifteen months, in light of the "substantial aggravators" of the offense conduct, including the defendant's involvement in the production of child pornography and the defendant's knowingly seeking out images and videos of minors. *Id.* The Eighth Circuit affirmed.

Here, Defendant's history and characteristics are similarly outweighed by the nature and circumstances of the offense and the need for general deterrence. As detailed in the government's sentencing memorandum, Defendant produced the child pornography that he possessed through serial threats and extortion. He knew that victims were minors, some as young as twelve. His use

2

of one social media platform alone involved contacting 270 girls in a four-month period after he turned eighteen. Defendant's extreme conduct, and the nature and circumstances of the offense, cannot be explained by anxieties and pressures that are common to teenagers or what appears to be a stable and supportive upbringing.

The Sixth Circuit also recognizes the importance of general deterrence in child pornography cases. *See United States v. Schrank*, 768 F. App'x 512, 515 (6th Cir. 2019) ("[A]s we have told sentencing courts *repeatedly*, general deterrence is crucial in the child pornography context to protect the public by deterring the market for such products and activities.") (emphasis in original) (quotation omitted) (collecting cases). The need for general deterrence is reinforced by the need to address emerging global sextortion threats that target young people. In a June 2023 Snap, Inc. survey of teenagers and young adults across six countries, approximately 65% of respondents indicated that they or their friends were the targets of sextortion across all online platforms. WeProtect Global Alliance, *[Two-Thirds of Gen Z Targeted for Online "Sextortion" – New Snap Research](#)* (June 21, 2023). General deterrence is a paramount concern in these cases. For these reasons, and the reasons discussed in the government's sentencing memorandum, the Court should impose a serious guidelines sentence in this case.

### III.    CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny Defendant's motion for a downward variance or, if the Court is inclined to consider a variance, grant a modest variance from the properly calculated guidelines range.

Dated: August 22, 2023                                 Respectfully submitted,

                                                 MARK A. TOTTEN
                                               United States Attorney

                                             /s/ *Adam B. Townshend*
                                             ADAM B. TOWNSHEND
                                             Assistant U.S. Attorney
                                             P.O. Box 208
                                             Grand Rapids, MI 49501
                                             Tel: (616) 456-2404